KURTIS D. MACFERRIN (SBN 178006)
LIFE TECHNOLOGIES CORPORATION
850 Lincoln Centre Drive
Foster City, CA 94043
Telephone:     (650) 570-6667
Facsimile:     (650) 638-6677
kurtis.macferrin@lifetech.com

POLAPHAT VERAVANICH (SBN 203964)
LIFE TECHNOLOGIES CORPORATION
5791 Van Allen Way
Carlsbad, CA 92008
Telephone:     (760) 476-6245
Facsimile:     (760) 476-6048
paul.veravanich@lifetech.com

MATTHEW D. MURPHEY (SBN 194111)
TROUTMAN SANDERS LLP
11682 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 509-6000
Fax: (858) 224-0944
matt.murphey@troutmansanders.com

DANIEL A. LADOW (admitted *pro hac vice*)
TROUTMAN SANDERS LLP
405 Lexington Avenue
New York, New York 10174
Tel: (212) 704-6000
Fax: (212) 704-6288
daniel.ladow@troutmansanders.com

ELDORA L. ELLISON (*pro hac vice*)
MARK FOX EVENS (*pro hac vice*)
DEBORAH A. STERLING (*pro hac vice*)
BYRON L. PICKARD (*pro hac vice*)
STERNE KESSLER GOLDSTEIN & FOX
1100 New York Avenue N.W.
Washington, D.C. 20005
Telephone: (202) 371-2600
Facsimile: (202) 371-2540
eellison@skgf.com
mevens@skgf.com
dsterlin@skgf.com

GREGORY P. O'HARA (SBN 131963)
ROBERT E. KREBS (SBN 57526)
LISA A. COLE (SBN 184267)
NIXON PEABODY LLP
2 Palo Alto Square
3000 El Camino Real, Suite 500
Palo Alto, CA  94306
Telephone: (650) 320-7750
Facsimile: (866) 294-5752
gohara@nixonpeabody.com
rkrebs@nixonpeabody.com
lcole@nixonpeabody.com

Attorneys for Plaintiff LIFE TECHNOLOGIES
CORPORATION

Attorneys for Defendant and Cross-Action
Plaintiff PACIFIC BIOSCIENCES OF
CALIFORNIA, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| LIFE TECHNOLOGIES CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC BIOSCIENCES OF CALIFORNIA, INC.,<br><br>Defendant. | CASE NO. 5:11-CV-01582-LHK<br><br>**CORRECTED JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:   August 10, 2011<br>Time:   2:00 p.m.<br>Place:  Courtroom 4, 5th Floor<br>Judge:  Honorable Lucy H. Koh |

1

Plaintiff Life Technologies Corp. ("Life Technologies") and Defendant and Cross-Action Plaintiff Pacific Biosciences of California, Inc. ("PacBio") (collectively "the Parties") jointly submit this Case Management Statement and Proposed Order in advance of the August 10, 2011 Case Management Conference.

## 1.   Jurisdiction and Service:

The Parties agree that this Court has jurisdiction over the subject matter of this action pursuant to 35 U.S.C. § 146 and 28 U.S.C. § 1338 and that venue is proper in this judicial district under 28 U.S.C. §1391(c).  No parties remain to be served.

## 2.   Facts:

Plaintiff Life Technologies' Contentions:

This is an action under 35 U.S.C. § 146 to review the rulings of the Board of Patent Appeals and Interferences (the "Board") of the United States Patent and Trademark Office in Interference No. 105,677, including the Decision on Motions (Paper 132) and the Judgment (Paper 133), both entered January 31, 2011.

During the Interference, Life Technologies filed substantive motions attacking PacBio's claims for lack of written description, lack of enablement, and obviousness (contingent on the Board's finding PacBio's claims enabled).  Life Technologies also attacked PacBio's accorded benefit dates.  Life Technologies supported these motions with five expert declarations.

PacBio filed substantive motions attacking Life Technologies' claims for lack of written description, lack of enablement, and anticipation.  PacBio also attacked Life Technologies' accorded benefit dates. PacBio's motions were supported by five expert declarations.

During the Interference the experts were deposed in connection with their declarations but the Parties did not engage in fact discovery and no fact witnesses submitted declarations or were deposed.

The Board held Life Technologies' claims unpatentable for lack of written description and entered judgment on priority in the '677 Interference against Life Technologies.  The Board also held all but four of PacBio's claims unpatentable for lack of written description.  The Board denied Life Technologies' motions regarding obviousness and lack of enablement of PacBio's

CORRECTED JOINT CASE MANAGEMENT
STATEMENT
1460352v1

5:11-CV-01582-LHK

1  claims and dismissed Life Technologies' attack on PacBio's accorded benefit.  The Board

2  dismissed PacBio's motions regarding anticipation, enablement, and benefit accorded to Life

3  Technologies.

4      Life Technologies, dissatisfied with the Board's rulings in the '677 Interference, filed this

5  § 146 Action challenging those rulings and to take discovery in support of its positions as

6  contemplated by the statute.  PacBio answered and filed a Cross-Action Complaint.

7      <u>Defendant and Cross-Action Plaintiff PacBio's Contentions:</u>

8      This action arises from the '677 Interference, which the Board declared on December 18,

9  2008, designating PacBio as the Senior Party and Life Technologies as the Junior Party. The

10  Board accorded PacBio the benefit date of a number of prior applications, including applications

11  filed on December 14, 1998, and December 13, 1999. During the February 3, 2009 initial

12  conference call with the Board, Life Technologies admitted that it did not have an invention date

13  earlier than the December 13, 1999 benefit date accorded to PacBio by the Board, stating "If they

14  [PacBio] get that [December 13, 1999] date, we're dead." (Paper 21, p. 23, ll. 14-15.)

15      During the Interference, Life Technologies filed substantive motions attacking PacBio's

16  claims for lack of written description, lack of enablement, and obviousness (contingent on the

17  Board's finding PacBio's claims enabled). Life Technologies also attacked PacBio's December

18  13, 1999 accorded benefit date.  Life Technologies supported these motions with five expert

19  declarations.

20      PacBio filed substantive motions attacking Life Technologies' claims for lack of written

21  description, lack of enablement, and anticipation. PacBio also attacked all of Life Technologies'

22  accorded benefit dates. PacBio's motions were supported by five expert declarations.

23      During the Interference, Life Technologies requested that "Williams be compelled to

24  produce discovery including testimony, documents, and responses to interrogatories." (Paper 54;

25  *see also* Paper 58.) Life Technologies also requested discovery relating to a previous

26  collaboration between PacBio's expert witness, Jay Trautman, Ph.D., and researchers at Cornell

27  University, including Jonas Korlach. (Papers 92 and 100.) The Board denied both requests and

28  maintained such denials following requests for reconsideration. (Papers 57, 72, 87 and 126.)

CORRECTED JOINT CASE MANAGEMENT
STATEMENT
1460352v1

5:11-CV-01582-LHK

1    On this well-developed record, the Board held all of Life Technologies' claims

2    unpatentable for lack of written description and entered judgment on priority in the '677

3    Interference against Life Technologies. The Board also held a subset of PacBio's claims

4    unpatentable for lack of written description. The Board denied Life Technologies' motions

5    regarding obviousness and alleged lack of enablement of PacBio's claims and dismissed Life

6    Technologies' attack on PacBio's accorded benefit.  The Board dismissed PacBio's motions

7    regarding anticipation, enablement, and benefit accorded to Life Technologies.

8    Life Technologies filed this § 146 Action challenging the Board's decisions, and PacBio

9    answered and filed a Cross-Action Complaint.

10              **3.      Legal Issues:**

11   The Parties disagree with each other as to the correctness of the Board's decisions in the

12   '677 Interference, set forth in the Decision – Motions – Bd.R. 125(a) dated January 31, 2011, and

13   the Judgment – Bd.R. 127(a) dated January 31, 2011.

14              **4.      Motions:**

15   No motions have been filed.

16   Life Technologies contends that because the case will be tried to the Bench and the

17   proposed schedule is compressed, Life Technologies does not believe that the Parties should be

18   granted leave to file motions for summary judgment prior to trial.  This will not limit either party

19   from arguing at trial or in post-trial submissions that it is entitled to judgment as a matter of law

20   on any issue.

21   Although PacBio does not currently anticipate filing a motion for summary judgment,

22   PacBio does not wish to foreclose such a possibility.

23              **5.      Amendment of Pleadings:**

24   The Parties have no plans to amend their pleadings to add or remove any parties, claims,

25   or defenses.  The Parties propose a deadline of September 30, 2011, to amend pleadings without

26   leave of Court.

27

28

CORRECTED JOINT CASE MANAGEMENT
STATEMENT
1460352v1

5:11-CV-01582-LHK

**6.      Evidence Preservation:**

The Parties have taken steps to preserve evidence potentially relevant to the issues in this action.  The Parties have ensured the preservation of potentially relevant emails and other electronically-recorded material.

**7.      Disclosures:**

The Parties have agreed to exchange their initial disclosures under Fed.R.Civ.P. 26(a)(1) on September 16, 2011.

**8.      Discovery:**

There is no pending discovery at this time.

The Parties agree that the Patent Local Rules do not apply to this case.

The Parties have agreed to the following stipulations concerning discovery:

Format of Production:  The Parties intend to agree on a protocol regarding the format of production of any ESI and paper documents.

Privilege Logs:  The Parties will meet-and-confer on the exchange of privilege logs, if any.

Any privileged communications and information protected by the work product doctrine created subsequent to the date of the filing of Williams U.S. Provisional Application No. 60/112,078 (12/14/1998) need not be included on privilege logs.

Discovery of Experts.  An expert or consultant retained as a testifying expert in this case or the underlying Interference shall not be subject to discovery of any draft of his or her report(s) or declaration(s) in this case, the Interference, or other matters.  Notes or outlines for draft reports or declarations are also exempt from discovery.   The Parties further agree that no conversations or communications between counsel and any testifying expert will be subject to discovery if such conversations or communications were related to such expert's formulation of his or her opinions that are or were presented in reports or trial or deposition testimony in this case, in the Interference, or in other matters.  Notwithstanding the foregoing, the Parties may seek discovery of a testifying expert's engagement agreement, invoices, fees charged, and compensation received.

CORRECTED JOINT CASE MANAGEMENT
STATEMENT
1460352v1

5:11-CV-01582-LHK

**9.      Class Actions:**

This matter is not a class action.

**10.      Related Cases:**

There are no related cases or proceedings pending before another Judge of this Court, or before another Court. Life Technologies has requested that the U.S. Patent and Trademark Office ("USPTO") reissue U.S. Patent No. 7,329,492, the patent involved in the '677 Interference. The reissue application is U.S. Appl. No. 12/321,343 and is currently pending before the USPTO.

**11.      Relief Sought By the Parties:**

Plaintiff Life Technologies seeks a judgment:

A.      Reversing the Board's denial of Hardin Motion 1 as to claims 79, 81, and 83-84 of the PacBio '182 application and finding those claims unpatentable to PacBio;

B.      Reversing the Board's partial denial of Hardin Motion 1 as to claims 73-78, 80, 82, and 85-93 of the PacBio '182 application and finding those claims unpatentable to PacBio for lack of an enabling disclosure;

C.      Reversing the Board's grant of Williams Motion 2 and finding the involved Life Technologies claims patentable, including having adequate written description support as required under 35 U.S.C. § 112;

D.      Granting Hardin Motion 2 and ruling that PacBio's '182 application does not have the benefit of the filing dates of PacBio's earlier applications and ruling that the involved claims of the '182 application are unpatentable to PacBio over the prior art;

E.      Reversing the Board's denial of Hardin Motion 3, in the event that PacBio's '182 application is found to enable the subject matter of the Count;

F.      Granting Hardin Motions 4-5 and 7-9, and the Hardin motions not authorized, as necessary to grant Life Technologies complete relief in this action;

G.      Reversing all other rulings of the Board adverse to Life Technologies; and

H.      Awarding Life Technologies its costs and attorneys' fees in this action, and such other and further relief as this Court may deem appropriate.

Defendant and Cross-Action Plaintiff PacBio seeks judgment:

A.      Affirming the Board's Decision granting PacBio's Motion 2 as to lack of written description and finding all of Life Technologies' involved claims unpatentable for lack of written description;

B.      Affirming the Board's Decision cancelling claims 1-12 and 15-23 of the Life Technologies '492 patent and affirming the Board's entry of judgment on priority against Life Technologies;

C.      Granting PacBio's Motion 2 as to lack of enablement of Life Technologies' involved claims and finding those claims unpatentable to Life Technologies;

D.      Granting PacBio's Motion 5 and finding Life Technologies' claims unpatentable over the prior art;

E.      Reversing the Board's Decision to grant-in-part Life Technologies' Motion 1;

F.      Reversing the Board's Decision that claims 73-78, 80, 82, and 85-95 of the PacBio application are unpatentable for lack of written description;

G.      Reversing the Board's Decision that claims 73-78, 80, 82 and 85-95 of the PacBio application are "finally refused;"

H.      Granting judgment in PacBio's favor based on the facts and contentions set forth in PacBio's Motions 4 and 8, which were dismissed as moot by the Board, and upon any additional facts which are admitted into evidence in this action;

I.      Granting the PacBio motions not authorized, as necessary to grant PacBio complete relief in this action;

J.      Reversing all other rulings adverse to PacBio; and

H.      Awarding PacBio its costs and reasonable attorneys' fees in this action and in the Interference and all other relief that this Court deems appropriate.

**12.      Settlement and ADR:**

The Parties have been referred to mediation.  No settlement discussions have taken place thus far.

**13.      Consent to Magistrate Judge For All Purposes:**

The Parties do not consent to proceed before a United States Magistrate Judge.

**14.      Other References:**

This case is not suitable for reference to binding arbitration, to a special master, or to the Judicial Panel on Multidistrict Litigation.

**15.      Narrowing of Issues:**

Life Technologies proposes a bifurcated schedule, and PacBio proposes a trifurcated schedule as set forth in item 17. The proposed schedule has the benefit of conserving Court resources and fees and costs because each proposed phase addresses issues that should be dispositive of the case.  The first phase is directed solely to issues of written description. In the event that both Parties have claims surviving the first phase, PacBio proposes a second phase that tries issues of enablement, anticipation, obviousness and accorded benefit.  In the event that both parties have claims surviving the second phase, and if the Court wishes to try the issue of priority without remanding that issue of priority to the Board, PacBio proposes trying that issue in a third phase. Life Technologies believes that if the Court wants to decide the issue of priority without remanding to the Board, the issue should be tried in Phase Two.

**16.      Expedited Schedule:**

The Parties propose a rapid schedule as set forth in item 17.

**17.      Scheduling:**

The Parties agree that it would be most efficient to try the issue of written description separately in a first phase of the action.  Life Technologies believes the parties should have an opportunity to take fact discovery during this written description Phase One.  PacBio contends that  fact discovery is not needed in this first Phase.  If the Court finds that fact discovery should

8

be allowed in Phase One, PacBio proposes the schedule should be shorter than that proposed by Life Technologies.

Life Technologies also proposes a fact discovery period during Phase Two, while PacBio proposes that there is no need for any fact discovery with regard to issues of enablement, anticipation, obviousness or accorded benefit in this Phase. After Phases One and Two, in the event that both Parties have surviving claims and PacBio does not retain its accorded benefit date, PacBio suggests the Court remand the priority issue to the Board because the Board resolved the Interference without reaching the priority phase. However, if the Court decides to try the issue of priority, PacBio proposes that it should be tried in a third phase. Life Technologies proposes that if the Court wants to decide the issue of priority without remanding to the Board, the issue should be tried in Phase Two.

The Parties' proposed schedules are set forth in Exhibit 1.

### 18.    Trial:

The case will be tried to the Bench.

### 19.    Disclosure of Non-Party Interested Entities or Persons:

Each Party has filed a Certification of Interested Entities or Persons.

Plaintiff Life Technologies' Statement:

As stated in Life Technologies' Civil L.R. 3-16 Certification, in addition to the parties to this action, the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding. The following are connected to Visigen Biotechnologies, the former assignee of U.S. Patent No. 7,329,492:

| | |
|---|---|
| Amy Tabor Bryant | Costa Colbert |
| Anelia Kraltcheva | Hideto Tsujumura |
| Anwen Bain | Hongyi Wang |
| Battulga Nasanshargal | Horace Gray |
| Brent Mulder | Ivan Pan |
| Christopher Hebel | James Briggs |
| Claus Seidal | Joel Phillip Seidner |

CORRECTED JOINT CASE MANAGEMENT
STATEMENT
1460352v1

5:11-CV-01582-LHK

| | |
|---|---|
| Baruch College | University of Houston System |
| Justin Seidner | Xiaolian Gao |
| Keun Woo Lee | Alok Bandekar |
| Michael Rea | Amy Williams |
| Mitsu Reddy | Andrei Volkov |
| Mathan K. Agnew | Ben Stevens |
| Richard Wilson | Fei Lu |
| Robert Strozier | Grace Kim |
| Shiree Lee Wilson | Kristi Kincaid |
| Shiao-Chun Tu | Ming Fa |
| Susan Hardin | Norha Deluge |
| SeqWright, Inc | Uma Nagaswamy |
| Tommie L. Lincecum | Yuri Belosludtsev |

Defendant and Cross-Action Plaintiff PacBio's Statement:

In accordance with Civil L.R. 3-16 and as stated in PacBio's Fed.R.Civ.P 7.1 Disclosure Statement, there are no persons, firms, partnership, corporations (including parent corporations) or other entities known to PacBio to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

**20. Other Matters:**

Expert Reports: Opening Expert Reports will be served by the party having the burden of proof on a particular issue. Any issues of claim or count construction will be addressed by a party wishing to raise that issue through an expert in the Opening Expert Report of that expert.

Service of Documents. The Parties stipulate to accept service of documents by email. Service of documents via email in this case shall be made by 11:59 pm Eastern Time the day service must be effectuated. The terms of Fed. R. Civ. P. 6 apply to such service by email.

1

2   Dated:  August 4, 2011                    TROUTMAN SANDERS LLP

3                                              By:  _____/s/Daniel A. Ladow____
                                                        Daniel A. Ladow
                                              Attorney for Life Technologies Corporation

4

5   Dated:  August 4, 2011                    STERNE KESSLER GOLDSTEIN & FOX
                                              PLLC
6
                                              By:  _____/s/Eldora L. Ellison_____
7                                                       Eldora L. Ellison
                                              Attorney for Pacific Biosciences of
8                                             California, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTESTATION PURSUANT TO GENERAL ORDER 45**

I, Daniel A. Ladow, attest that concurrence in the filing of this document has been obtained from the other signatory.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on August 3, 2011.

By:  ___/s/Daniel A. Ladow____
                      Daniel A. Ladow

**[PROPOSED] ORDER**

The Case Management Statement is hereby adopted by the Court as the Case Management Order for the case, and the parties are ordered to comply with this Order.

Dated: _____     By: _____
                                          The Honorable Lucy H. Koh

**<u>EXHIBIT 1</u>**

| Event | PacBio's proposed dates | PacBio's proposed dates if limited fact discovery ordered | Life proposed dates |
|---|---|---|---|
| Case Management Conference | August 10, 2011 | August 10, 2011 | August 10, 2011 |
| Rule 26(a) Disclosures | September 16, 2011 | September 16, 2011 | September 16, 2011 |
| Deadline to amend pleadings without leave of Court | September 30, 2011 | September 30, 2011 | December 9, 2011 |
| **Phase I – Bifurcation of Written Description (WD)** | | | |
| Close of fact discovery (WD) | Does not see any need for fact discovery | October 31, 2011(if Court orders limited fact discovery) | March 30, 2012 |
| Designation of Expert Witnesses on WD and Exchange of Initial Reports on WD | September 30, 2011 | December 16, 2011 | April 23, 2012 |
| Designation of Rebuttal Expert Witnesses and Exchange of Rebuttal Reports | October 31, 2011 | January 17, 2012 | May 28, 2012 |
| Expert Depositions by | November 16, 2011 | March 5, 2012 | June 14, 2012 |
| Pre-trial Conference | December 2, 2011 | March 19, 2012 | June 29, 2012 |
| Trial (2 days) | mid-December, 2011 | Early-mid April, 2012 | mid-July, 2012 |
| **Phase II – Trying Issues of Benefit Accorded, Enablement, Novelty and Obviousness, if Both Parties Have Surviving Claims Following WD trial** | | | |
| Starting date | +60 days after final decision on WD including all appeals | +60 days after final decision on WD including all appeals | +60 days after final decision on WD including all appeals |
| Open of fact discovery | Does not see any need for fact discovery | +0 (starts on first date of Phase II) | +0 (starts on first date of Phase II) |
| Close of fact discovery | N/A | +60 days (60 days total from beginning of Phase II) | See below ( at day 210 total) |

Exhibit 1 – Page 1

| Event | PacBio's proposed dates | PacBio's proposed dates if limited fact discovery ordered | Life proposed dates |
|---|---|---|---|
| Designation of Expert Witnesses and Exchange of Initial Reports (on issues for which a party bears the burden of proof) | +60 days (60 days total from beginning of Phase II) | +90 days (90 days total from beginning of Phase II) | +90 days (90 days total from beginning of Phase II) |
| Designation of Rebuttal Expert Witnesses and Exchange of Rebuttal Reports | +60 days (120 days total) | +60 days (150 days total) | +60 days (150 days total) |
| Close of fact discovery | Does not see any need for fact discovery | See above (at day 60 total) | +60 days (210 days total) |
| Expert Depositions by | +60 days (180 days total) | +60 days (210 days total) | Same as close of fact discovery |
| Pre-trial Conference | +60 days (240 days total) | +60 days (270 days total) | +60 days (270 days total) |
| Trial (2-4 days) | +30 days (270 days total) | +30 days (300 days total) | +30 days (300 days total) |
| **Phase III – Trying Issues of Priority Only if PacBio Loses its Accorded Benefit Date, Both Parties Have Surviving Claims and Court Wants to Decide Priority** | | | |
| Starting date | +60 days after final decision on Accorded Benefit Dates including all appeals | +60 days after final decision on Accorded Benefit Dates including all appeals | No separate Phase Three. If court wants to hear priority it would be in Phase Two. |
| Open discovery of facts relating to priority | +0 days | +0 days | |
| Designation of Expert/Fact Witnesses and Exchange of Initial Reports | +90 days (90 days total from beginning of Phase III) | +90 days (90 days total from beginning of Phase III) | |
| Designation of Rebuttal Expert Witnesses and Exchange of Rebuttal | +60 days (150 days total) | +60 days (150 days total) | |

Exhibit 1 – Page 2

| Event | PacBio's proposed dates | PacBio's proposed dates if limited fact discovery ordered | Life proposed dates |
|---|---|---|---|
| Reports | | | |
| Close of Fact Discovery and Expert Depositions by | +60 days (210 days total) | +60 days (210 days total) | |
| Pre-trial Conference | +60 days (270 days total) | +60 days (270 days total) | |
| Trial (2-4 days) | +30 days (300 days total) | +30 days (300 days total) | |

Exhibit 1 – Page 3