| | |
|---|---|
| KURTIS D. MACFERRIN (SBN 178006)<br>LIFE TECHNOLOGIES CORPORATION<br>850 Lincoln Centre Drive<br>Foster City, CA 94043<br>Telephone: (650) 570-6667<br>Facsimile: (650) 638-6677<br>kurtis.macferrin@lifetech.com<br><br>POLAPHAT VERAVANICH (SBN 203964)<br>LIFE TECHNOLOGIES CORPORATION<br>5791 Van Allen Way<br>Carlsbad, CA 92008<br>Telephone: (760) 476-6245<br>Facsimile: (760) 476-6048<br>paul.veravanich@lifetech.com<br><br>MATTHEW D. MURPHEY (SBN 194111)<br>TROUTMAN SANDERS LLP<br>11682 El Camino Real, Suite 400<br>San Diego, CA 92130<br>Tel: (858) 509-6000<br>Fax: (858) 224-0944<br>matt.murphey@troutmansanders.com<br><br>DANIEL A. LADOW (admitted *pro hac vice*)<br>TROUTMAN SANDERS LLP<br>405 Lexington Avenue<br>New York, New York 10174<br>Tel: (212) 704-6000<br>Fax: (212) 704-6288<br>daniel.ladow@troutmansanders.com<br><br>Attorneys for Plaintiff LIFE TECHNOLOGIES CORPORATION | ELDORA L. ELLISON (*pro hac vice*)<br>MARK FOX EVENS (*pro hac vice*)<br>DEBORAH A. STERLING (*pro hac vice*)<br>BYRON L. PICKARD (*pro hac vice*)<br>STERNE KESSLER GOLDSTEIN & FOX<br>1100 New York Avenue N.W.<br>Washington, D.C. 20005<br>Telephone: (202) 371-2600<br>Facsimile: (202) 371-2540<br>eellison@skgf.com<br>mevens@skgf.com<br>dsterlin@skgf.com<br><br>GREGORY P. O'HARA (SBN 131963)<br>ROBERT E. KREBS (SBN 57526)<br>LISA A. COLE (SBN 184267)<br>NIXON PEABODY LLP<br>2 Palo Alto Square<br>3000 El Camino Real, Suite 500<br>Palo Alto, CA 94306<br>Telephone: (650) 320-7750<br>Facsimile: (866) 294-5752<br>gohara@nixonpeabody.com<br>rkrebs@nixonpeabody.com<br>lcole@nixonpeabody.com<br><br><br><br><br><br><br>Attorneys for Defendant and Cross-Action Plaintiff PACIFIC BIOSCIENCES OF CALIFORNIA, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LIFE TECHNOLOGIES CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>PACIFIC BIOSCIENCES OF CALIFORNIA, INC.,<br><br>    Defendant. | CASE NO. 5:11-CV-01582-PSG<br><br>**SECOND JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:  September 20, 2011<br>Time:  2:00 p.m.<br>Place: Courtroom 5, 5th Floor<br>Judge: Honorable Paul S. Grewal |

Plaintiff Life Technologies Corp. ("Life Technologies") and Defendant and Cross-Action Plaintiff Pacific Biosciences of California, Inc. ("PacBio") (collectively "the Parties") jointly submit this Second Case Management Statement in advance of the September 20, 2011 Case Management Conference.

**1.    Jurisdiction and Service:**

The Parties agree that this Court has jurisdiction over the subject matter of this action pursuant to 35 U.S.C. § 146 and 28 U.S.C. § 1338 and that venue is proper in this judicial district under 28 U.S.C. §1391(c).  No parties remain to be served.

**2.    Facts:**

<u>Plaintiff Life Technologies' Contentions:</u>

This is an action under 35 U.S.C. § 146 to review the rulings of the Board of Patent Appeals and Interferences (the "Board") of the United States Patent and Trademark Office in Interference No. 105,677, including the Decision on Motions (Paper 132) and the Judgment (Paper 133), both entered January 31, 2011.

During the Interference, Life Technologies filed substantive motions attacking PacBio's claims for lack of written description, lack of enablement, and obviousness (contingent on the Board's finding PacBio's claims enabled).  Life Technologies also attacked PacBio's accorded benefit dates.  Life Technologies supported these motions with five expert declarations.

PacBio filed substantive motions attacking Life Technologies' claims for lack of written description, lack of enablement, and anticipation.  PacBio also attacked Life Technologies' accorded benefit dates. PacBio's motions were supported by five expert declarations.

During the Interference the experts were deposed in connection with their declarations but the Parties did not engage in fact discovery and no fact witnesses submitted declarations or were deposed.  Furthermore, PacBio opposed motions by Life Technologies to take fact discovery, including discovery from third parties.  The Board denied Life Technologies' motions.

The Board held Life Technologies' claims unpatentable for lack of written description and entered judgment on priority in the '677 Interference against Life Technologies.  The Board

1  also held all but four of PacBio's claims unpatentable for lack of written description.  The Board

2  denied Life Technologies' motions regarding obviousness and lack of enablement of PacBio's

3  claims and dismissed Life Technologies' attack on PacBio's accorded benefit.  The Board

4  dismissed PacBio's motions regarding anticipation, enablement, and benefit accorded to Life

5  Technologies.

6  　　　　　Life Technologies, dissatisfied with the Board's rulings in the '677 Interference, filed this

7  § 146 Action challenging those rulings and to take discovery in support of its positions as

8  contemplated by the statute.  PacBio answered and filed a Cross-Action Complaint.

9  　　　　　<u>Defendant and Cross-Action Plaintiff PacBio's Contentions:</u>

10  　　　　　This action arises from the '677 Interference, which the Board declared on December 18,

11  2008, designating PacBio as the Senior Party and Life Technologies as the Junior Party.  The

12  Board accorded PacBio the benefit date of a number of prior applications, including applications

13  filed on December 14, 1998, and December 13, 1999.  During the February 3, 2009 initial

14  conference call with the Board, Life Technologies admitted that it did not have an invention date

15  earlier than the December 13, 1999 benefit date accorded to PacBio by the Board, stating "If they

16  [PacBio] get that [December 13, 1999] date, we're dead." (Paper 21, p. 23, ll. 14-15.)

17  　　　　　During the Interference, Life Technologies filed substantive motions attacking PacBio's

18  claims for lack of written description, lack of enablement, and obviousness (contingent on the

19  Board's finding PacBio's claims enabled).  Life Technologies also attacked PacBio's December

20  13, 1999 accorded benefit date.  Life Technologies supported these motions with five expert

21  declarations.

22  　　　　　PacBio filed substantive motions attacking Life Technologies' claims for lack of written

23  description, lack of enablement, and anticipation.  PacBio also attacked all of Life Technologies'

24  accorded benefit dates.  PacBio's motions were supported by five expert declarations.

25  　　　　　During the Interference, Life Technologies requested that "Williams be compelled to

26  produce discovery including testimony, documents, and responses to interrogatories." (Paper 54;

27  *see also* Paper 58.)  Life Technologies also requested discovery relating to a previous

28  collaboration between PacBio's expert witness, Jay Trautman, Ph.D., and researchers at Cornell

3

1  University, including Jonas Korlach. (Papers 92 and 100.) The Board denied both requests and
2  maintained such denials following requests for reconsideration. (Papers 57, 72, 87 and 126.)
3      On this well-developed record, the Board held all of Life Technologies' claims
4  unpatentable for lack of written description and entered judgment on priority in the '677
5  Interference against Life Technologies. The Board also held a subset of PacBio's claims
6  unpatentable for lack of written description. The Board denied Life Technologies' motions
7  regarding obviousness and alleged lack of enablement of PacBio's claims and dismissed Life
8  Technologies' attack on PacBio's accorded benefit. The Board dismissed PacBio's motions
9  regarding anticipation, enablement, and benefit accorded to Life Technologies.
10     Life Technologies filed this § 146 Action challenging the Board's decisions, and PacBio
11 answered and filed a Cross-Action Complaint.
12     **3.    Legal Issues:**
13     The Parties disagree with each other as to the correctness of the Board's decisions in the
14 '677 Interference, set forth in the Decision – Motions – Bd.R. 125(a) dated January 31, 2011, and
15 the Judgment – Bd.R. 127(a) dated January 31, 2011.
16     **4.    Motions:**
17     No motions have been filed.
18     Life Technologies contends that because the case will be tried to the Bench and the
19 proposed schedule is compressed, Life Technologies does not believe that the Parties should be
20 granted leave to file motions for summary judgment prior to trial. This will not limit either party
21 from arguing at trial or in post-trial submissions that it is entitled to judgment as a matter of law
22 on any issue.
23     PacBio does not wish to foreclose the possibility of filing a motion for summary
24 judgment, if appropriate.
25     **5.    Amendment of Pleadings:**
26     The Parties have no plans to amend their pleadings to add or remove any parties, claims,
27 or defenses. The Parties propose a deadline of September 30, 2011, to amend pleadings without
28 leave of Court.

**6.    Evidence Preservation:**

The Parties have taken steps to preserve evidence potentially relevant to the issues in this action. The Parties have ensured the preservation of potentially relevant emails and other electronically-recorded material.

**7.    Disclosures:**

The Parties have exchanged their initial disclosures under Fed.R.Civ.P. 26(a)(1).

**8.    Discovery:**

There is no pending discovery at this time.

The Parties agree that the Patent Local Rules do not apply to this case.

The Parties have agreed to the following stipulations concerning discovery:

<u>Format of Production</u>:  The Parties intend to agree on a protocol regarding the format of production of any ESI and paper documents.

<u>Privilege Logs</u>:  The Parties will meet-and-confer on the exchange of privilege logs, if any.

Any privileged communications and information protected by the work product doctrine created subsequent to the date of the filing of Williams U.S. Provisional Application No. 60/112,078 (12/14/1998) need not be included on privilege logs.

<u>Discovery of Experts</u>.  An expert or consultant retained as a testifying expert in this case or the underlying Interference shall not be subject to discovery of any draft of his or her report(s) or declaration(s) in this case, the Interference, or other matters.  Notes or outlines for draft reports or declarations are also exempt from discovery.  The Parties further agree that no conversations or communications between counsel and any testifying expert will be subject to discovery if such conversations or communications were related to such expert's formulation of his or her opinions that are or were presented in reports or trial or deposition testimony in this case, in the Interference, or in other matters.  Notwithstanding the foregoing, the Parties may seek discovery of a testifying expert's engagement agreement, invoices, fees charged, and compensation received.

**9.     Class Actions:**

This matter is not a class action.

**10.    Related Cases:**

There are no related cases or proceedings pending before another Judge of this Court, or before another Court. Life Technologies has requested that the U.S. Patent and Trademark Office ("USPTO") reissue U.S. Patent No. 7,329,492, the patent involved in the '677 Interference. The reissue application is U.S. Appl. No. 12/321,343 and is currently pending before the USPTO.

**11.    Relief Sought By the Parties:**

Plaintiff Life Technologies seeks a judgment:

A.     Reversing the Board's denial of Hardin Motion 1 as to claims 79, 81, and 83-84 of the PacBio '182 application and finding those claims unpatentable to PacBio;

B.     Reversing the Board's partial denial of Hardin Motion 1 as to claims 73-78, 80, 82, and 85-93 of the PacBio '182 application and finding those claims unpatentable to PacBio for lack of an enabling disclosure;

C.     Reversing the Board's grant of Williams Motion 2 and finding the involved Life Technologies claims patentable, including having adequate written description support as required under 35 U.S.C. § 112;

D.     Granting Hardin Motion 2 and ruling that PacBio's '182 application does not have the benefit of the filing dates of PacBio's earlier applications and ruling that the involved claims of the '182 application are unpatentable to PacBio over the prior art;

E.     Reversing the Board's denial of Hardin Motion 3, in the event that PacBio's '182 application is found to enable the subject matter of the Count;

F.     Granting Hardin Motions 4-5 and 7-9, and the Hardin motions not authorized, as necessary to grant Life Technologies complete relief in this action;

G.     Reversing all other rulings of the Board adverse to Life Technologies; and

H.  Awarding Life Technologies its costs and attorneys' fees in this action, and such other and further relief as this Court may deem appropriate.

Defendant and Cross-Action Plaintiff PacBio seeks judgment:

A.  Affirming the Board's Decision granting PacBio's Motion 2 as to lack of written description and finding all of Life Technologies' involved claims unpatentable for lack of written description;

B.  Affirming the Board's Decision cancelling claims 1-12 and 15-23 of the Life Technologies '492 patent and affirming the Board's entry of judgment on priority against Life Technologies;

C.  Granting PacBio's Motion 2 as to lack of enablement of Life Technologies' involved claims and finding those claims unpatentable to Life Technologies;

D.  Granting PacBio's Motion 5 and finding Life Technologies' claims unpatentable over the prior art;

E.  Reversing the Board's Decision to grant-in-part Life Technologies' Motion 1;

F.  Reversing the Board's Decision that claims 73-78, 80, 82, and 85-95 of the PacBio application are unpatentable for lack of written description;

G.  Reversing the Board's Decision that claims 73-78, 80, 82 and 85-95 of the PacBio application are "finally refused;"

H.  Granting judgment in PacBio's favor based on the facts and contentions set forth in PacBio's Motions 4 and 8, which were dismissed as moot by the Board, and upon any additional facts which are admitted into evidence in this action;

I.  Granting the PacBio motions not authorized, as necessary to grant PacBio complete relief in this action;

J.  Reversing all other rulings adverse to PacBio; and

7
SECOND JOINT CASE MANAGEMENT STATEMENT                                    5:11-CV-01582-PSG
1460352v1

H.    Awarding PacBio its costs and reasonable attorneys' fees in this action and in the Interference and all other relief that this Court deems appropriate.

### 12.    Settlement and ADR:

The Parties have been referred to mediation.  The Parties conducted a telephonic settlement discussion on August 18, 2011, as required by the August 10, 2011 Minute and Case Management Order.  The Parties have scheduled an in-person settlement discussion on October 19, 2011.  Court-ordered mediation is scheduled for October 20, 2011.

### 13.    Consent to Magistrate Judge For All Purposes:

The Parties consent to proceed before a United States Magistrate Judge.

### 14.    Other References:

This case is not suitable for reference to binding arbitration, to a special master, or to the Judicial Panel on Multidistrict Litigation.

### 15.    Narrowing of Issues:

Life Technologies and PacBio propose a bifurcated schedule in place of the schedule set forth in the August 10, 2011 Minute and Case Management Order.  The proposed bifurcated approach has the benefit of conserving judicial resources.  Should the Court adopt this suggested approach, the Court will try the issues of patentability (written description, enablement, and novelty/obviousness) and accorded benefit in phase one.  Resolution of some or all of those issues could resolve this action.  However, if the case does not end with phase one, in the second phase, the Court will try issues of priority, although PacBio believes that the Court should remand these issues to the Board since the Board did not analyze priority in deciding the Interference.

### 16.    Expedited Schedule:

The Parties propose the schedules attached herewith as Exhibit 1 and as discussed in item 17.

Life Technologies' contentions: Life Technologies opposes any further modification of the schedule (other than bifurcating the priority issue).  The case has already been placed on an expedited schedule.  Any additional reduction in the time for discovery would prejudice Life

Technologies' ability to conduct discovery in this case, particularly because discovery will involve third parties as evidenced by PacBio's initial disclosures.

PacBio's contentions: PacBio disagrees with Life Technologies' assertion that it needs additional time for fact discovery. PacBio proposes a schedule that better reflects the limited discovery that may be appropriate in a § 146 action.

### 17. Scheduling:

As stated above, the Parties agree that it would be most efficient to try the issue of priority separately in a later phase of the action, if the Court chooses to try the priority issue rather than remanding it to the Board.

Life Technologies believes the Parties should have a full opportunity to take fact discovery during the first phase of the case and therefore opposes any reduction in the time allowed for fact discovery.

PacBio disagrees with Life Technologies' position regarding fact discovery, particularly given the posture of this case and the limited need, if any, for fact discovery in a § 146 action. In any event, there should be no fact discovery on the priority issues until the conclusion of phase one because resolution of phase one issues may resolve the dispute, precluding the need to move to phase two. Accordingly, to order fact discovery relating to priority in the first phase would be premature, wasteful of judicial resources, and will increase the costs of this litigation substantially and perhaps unnecessarily. PacBio's proposed schedule reflects i) the limited discovery that is appropriate in the first phase and 2) a discovery period for the priority issues should this action proceed to the priority phase.

The Parties' proposed schedules are set forth in Exhibit 1.

### 18. Trial:

The case will be tried to the Bench.

### 19. Disclosure of Non-Party Interested Entities or Persons:

Each Party has filed a Certification of Interested Entities or Persons.

Plaintiff Life Technologies' Statement:

As stated in Life Technologies' Civil L.R. 3-16 Certification, in addition to the Parties to this action, the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a Party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a Party that could be substantially affected by the outcome of this proceeding. The following are connected to Visigen Biotechnologies, the former assignee of U.S. Patent No. 7,329,492:

| | |
|---|---|
| Amy Tabor Bryant | Richard Wilson |
| Anelia Kraltcheva | Robert Strozier |
| Anwen Bain | Shiree Lee Wilson |
| Battulga Nasanshargal | Shiao-Chun Tu |
| Brent Mulder | Susan Hardin |
| Christopher Hebel | SeqWright, Inc |
| Claus Seidal | Tommie L. Lincecum |
| Costa Colbert | University of Houston System |
| Hideto Tsujumura | Xiaolian Gao |
| Hongyi Wang | Alok Bandekar |
| Horace Gray | Amy Williams |
| Ivan Pan | Andrei Volkov |
| James Briggs | Ben Stevens |
| Joel Phillip Seidner | Fei Lu |
| Baruch College | Grace Kim |
| Justin Seidner | Kristi Kincaid |
| Keun Woo Lee | Ming Fa |
| Michael Rea | Norha Deluge |
| Mitsu Reddy | Uma Nagaswamy |
| Mathan K. Agnew | Yuri Belosludtsev |

Defendant and Cross-Action Plaintiff PacBio's Statement:

In accordance with Civil L.R. 3-16 and as stated in PacBio's Fed.R.Civ.P 7.1 Disclosure Statement, there are no persons, firms, partnership, corporations (including parent corporations) or other entities known to PacBio to have either: (i) a financial interest in the subject matter in controversy or in a Party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

**20.    Other Matters:**

<u>Expert Reports</u>: Opening Expert Reports will be served by the Party having the burden of proof on a particular issue.  Any issues of claim or count construction will be addressed by a Party wishing to raise that issue through an expert in the Opening Expert Report of that expert.

<u>Service of Documents</u>.  The Parties stipulate to accept service of documents by email.  Service of documents via email in this case shall be made by 11:59 pm Eastern Time the day service must be effectuated.  The terms of Fed. R. Civ. P. 6 apply to such service by email.

Respectfully submitted,

Dated:  September 13, 2011          By:  __/s/ Polaphat Veravanich____
                                              Polaphat Veravanich
                                              Attorney for Life Technologies Corporation

Dated:  September 13, 2011          By:  __/s/Eldora L. Ellison_____
                                              Eldora L. Ellison
                                              Attorney for Pacific Biosciences of California

**ATTESTATION PURSUANT TO GENERAL ORDER 45**

I, Polaphat Veravanich, attest that concurrence in the filing of this document has been obtained from the other signatory.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 13, 2011.

By: ___/s/ Polaphat Veravanich___
       Polaphat Veravanich

**CERTIFICATE OF SERVICE**

I, Polaphat Veravanich, hereby certify that on September 13, 2011, the attached Second Joint Case Management Statement was electronically filed with the United States District Court, Northern District of California, by using the court's CM/ECF system. Participants in the case who are registered CM/ECF users, as listed below, will be served by the CM/ECF system:

>Gregory P. O'Hara, Esq.
>Robert E. Krebs, Esq.
>Lisa A. Cole, Esq.
>NIXON PEABODY LLP
>2 Palo Alto Square
>3000 El Camino Real, Suite 500
>Palo Alto, CA 94306
>gohara@nixonpeabody.com
>rkrebs@nixonpeabody.com
>lcole@nixonpeabody.com
>Attorneys for PACIFIC BIOSCIENCES OF CALIFORNIA, INC.

>Eldora L. Ellison, Esq.
>Mark Fox Evens Esq.
>Deborah Sterling, Esq.
>STERNE, KESSLER, GOLDSTEIN & FOX
>1100 New York Avenue NW
>Washington, DC 20005
>eellison@skgf.com
>mevens@skgf.com
>dsterlin@skgf.com
>Attorneys for PACIFIC BIOSCIENCES OF CALIFORNIA, INC.

I under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 13th day of September at Carlsbad, California.

>_\_\_/s/ Polaphat Veravanich\_\_\_
>Polaphat Veravanich

**EXHIBIT 1**

| Event | Dates Set by Judge Koh | Life's Proposed Dates | PacBio's Proposed Dates |
|---|---|---|---|
| Deadline to amend pleadings without leave of Court | September 30, 2011 | September 30, 2011 | September 30, 2011 |
| Further case management conference | November 30, 2011 | November 30, 2011 (no change) | September 30, 2011 |
| | **No Bifurcation – All Issues To Be Tried** | **Phase I – Written Description (WD), Accorded Benefit, Enablement, Novelty and Obviousness Issues** | **Phase I – Written Description (WD), Accorded Benefit, Enablement, Novelty and Obviousness Issues** |
| Close of fact discovery | March 30, 2012 | March 30, 2012 (no change) | December 15, 2011 |
| Designation of Expert Witnesses on WD and Exchange of Initial Reports on WD | April 23, 2012 | April 23, 2012 (no change) | January 17, 2012 |
| Designation of Rebuttal Expert Witnesses and Exchange of Rebuttal Reports | June 5, 2012 | June 5, 2012 (no change) | February 16, 2012 |
| Expert Depositions by | July 13, 2012 | July 13, 2012 (no change) | March 16, 2012 |
| Last day to file any dispositive motion | August 16, 2012 | No summary judgment motions, but maintain current deadline if allowed. | April 16, 2012 |
| Last day for hearing on dispositive motion | September 20, 2012 | No summary judgment motions, but maintain current deadline if allowed. | May 16, 2012 |
| Pre-trial Conference | October 17, 2012 | October 2012 | June 15, 2012 |
| Trial | November 5, 2012 | November 2012 | Mid-July 2012 |

| Event | Current Dates | Phase II – Trying the Issue of Priority if (i) Both Parties Have Surviving Claims Following Phase I Trial, and (ii) the Court does not First Remand the Priority Issue to the PTO. | Phase II – Trying the Issue of Priority if (i) Both Parties Have Surviving Claims Following Phase I Trial, (ii) PacBio does not maintain its 12/13/99 Accorded Benefit Date and (iii) the Court does not First Remand the Priority Issue to the PTO. |
|---|---|---|---|
| Starting date | N/A | +30 days after final decision on WD including all appeals | +30 days after final decision on WD including all appeals |
| Open of fact discovery | N/A | +0 (starts on first date of Phase II) | +0 (starts on first date of Phase II) |
| Close of fact discovery | N/A | +120 days (120 days total from beginning of Phase II) | +120 days (120 days total from beginning of Phase II) |
| Designation of Expert Witnesses and Exchange of Initial Reports (on issues for which a party bears the burden of proof) | N/A | +30 days (150 days total from beginning of Phase II) | +30 days (150 days total from beginning of Phase II) |
| Designation of Rebuttal Expert Witnesses and Exchange of Rebuttal Reports | N/A | +60 days (210 days total) | +60 days (210 days total) |
| Expert Depositions by | N/A | +60 days (270 days total) | +60 days (270 days total) |
| Pre-trial Conference | N/A | +30 days (300 days total) | +30 days (300 days total) |
| Trial | N/A | +14 days (314 days total) | +14 days (314 days total) |

1408855.2