UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LIFE TECHNOLOGIES CORPORATION, | Case No.: 11-CV-1582-PSG |
| Plaintiff, | **ORDER GRANTING PLAINTIFF LIFE TECHNOLOGIES CORPORATION'S MOTION TO COMPEL** |
| v. | |
| PACIFIC BIOSCIENCES OF CALIFORNIA, INC., | |
| Defendant. | **(Re: Docket No. 66)** |

In this patent interference suit, Plaintiff and cross-action defendant Life Technologies Corporation ("Life") moves to compel Defendant and cross-action plaintiff Pacific Biosciences of California, Inc. ("PacBio") to produce documents and to respond to interrogatories regarding Life's written description challenge to PacBio's patent application. PacBio opposes the motion. On January 3, 2012, the parties appeared for hearing on shortened time. Having reviewed the papers and considered the arguments of counsel, the court GRANTS Life's motion to compel.

**I.   BACKGROUND**

Life is the owner by assignment of U.S. Patent No. 7,329,492 (the "'492 Patent"). The '492 Patent names Susan Hardin, Xiaolian Gao, James Briggs, Richard Willson, and Shiao-Chun Tu as inventors (collectively "Hardin"). PacBio is the owner by assignment of U.S. Application No. 11/459,182 (the "'182 Application). The '182 Application names John J.K Williams ("Williams")

as the inventor. The '492 Patent and the '182 Application both relate to single molecule sequencing of DNA or related nucleic acid molecules.

On December 18, 2008, the Board of Patent Appeals and Interferences (the "Board") of the United States Patent and Trademark Office (the "PTO") declared and instituted Interference No. 105,677 (the "'677 Interference") between the '492 Patent and the '182 Application.

During the course of the '677 Interference, as is typical of interference proceedings, only experts were deposed in connection with their declarations. The parties were not permitted to engage in fact discovery and no fact witnesses submitted declarations or were deposed. After a hearing held by the Board on December 9, 2009, Life's disputed claims and a subset of PacBio disputed claims were found unpatentable for lack of written description.  Because some PacBio claims survived, the Board entered judgment on priority against Life, but without any further substantive rulings.

Pursuant to 35 U.S.C. § 146, Life filed a complaint in this court seeking review of the Board's rulings.  PacBio filed a cross-action. The parties agreed that they would try the issue of written description first, separately from all other issues in the case, because they believed that a ruling on that issue might fully resolve the case.[1]  The parties further agreed that discovery related solely to written description would close on January 27, 2012.[2]  During this phase of discovery, each party may depose five (5) fact witnesses, including a 30(b)(6) witness.[3]

Life moves to compel PacBio to produce documents responsive to document request nos. 5, 7, 13-15, 19, 25, 26, 29, 30 and 53 and to respond to interrogatory nos. 1, 3, 5, 7, 12, 14 and 15. The requests are all directed to Life's challenge to the sufficiency of the written description of the '182 Application.

---

[1] *See* Docket No. 61.

[2] *See id.*

[3] *See id.*

2

Case No.: 11-1582 PSG
ORDER GRANTING LIFE'S MOTION TO COMPEL

## II.     LEGAL STANDARDS

Pursuant to Fed. R. Civ. P. 26, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.[4] "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[5] The court must limit the frequency or extent of discovery if it is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, or the burden or expense of the proposed discovery outweighs its likely benefit.[6]

Section 112, paragraph 1, requires that a patent specification contain a written description of the invention.[7] "[T]he hallmark of written description is disclosure."[8] A specification adequately describes an invention when it "reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date."[9] "A mere wish or plan for obtaining the claimed invention is not adequate written description."[10]

## III.     DISCUSSION

Life complains that PacBio has avoided its discovery obligations by arbitrarily limiting all written description discovery to the four corners of the patent, the prosecution history, and expert testimony. Because PacBio's '182 Application lacks any working examples demonstrating that Williams had actually carried out the disclosed sequencing method, Life argues that discovery will show whether he was in fact in actual or constructive possession of the claimed invention. Life argues that written description is an issue of fact and that its discovery is aimed at evaluating the very factors required by the Federal Circuit, including "the existing knowledge in the particular

---

[4] Fed. R. Civ. P. 26(b).

[5] *Id.*

[6] *Id.*

[7] 35 U.S.C. § 112, ¶ 1.

[8] *See Ariad Pharms., Inc. v. Eli Lilly & Co.,* 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc).

[9] *See id.*

[10] *See Centocor Ortho Biotech, Inc. v. Abbott Labs,* 636 F.3d 1341, 1348 (Fed. Cir. 2011).

3
Case No.: 11-1582 PSG
ORDER GRANTING LIFE'S MOTION TO COMPEL

field, the extent and content of the prior art, the maturity of the science of technology, [and] the predictability of the aspect at issue."[11]

Citing the Federal Circuit's pronouncement that the written description test "requires an objective inquiry into the four corners of the specification,"[12] PacBio disputes the relevance of discovery concerning working examples or actual reduction to practice. These topics, says PacBio, are relevant if at all to the separate subject of enablement. Because Life's discovery requests all address subjects that properly concern enablement alone, they are not warranted unless, and until, the case proceeds to the next phase. PacBio also notes that the very discovery that Life now seeks was denied by the Board. PacBio has not claimed undue burden.

The court can find no support for PacBio's ultimate position. To be sure, the Federal Circuit has confirmed that the written description and enablement requirements are distinct, and that "the written description requirement does not demand either examples or an actual reduction to practice . . . Conversely, we have repeatedly stated that actual 'possession' or reduction to practice outside of the specification is not enough."[13] But the mere fact that examples and an actual reduction to practice are neither necessary nor sufficient does not render them legally irrelevant. The Circuit also has explained that the sufficiency of a patent's written description must be evaluated by asking whether one of ordinary skill would understand the description to convey that the inventor was in possession of the claimed invention at the time of the application. By conceding that expert testimony on this question is appropriate, PacBio necessarily concedes that extrinsic evidence may shed light on whether possession would be understood. The court finds no principled basis to permit extrinsic evidence in the form of expert testimony, but prohibit it in the form of documents, interrogatory responses, and percipient testimony that might test that expert testimony and, if anything, may be more credible and illuminating.[14]

---

[11] *See id.*

[12] *Ariad,* 598 F.3d at 1351.

[13] *See id.* at 1345, 1352.

[14] Section 146 itself provides the right to present "further testimony" beyond the record presented to the Patent Office. *See* 35 U.S.C. § 146 and *Streck, Inc. v. Research & Diag. Sys.,* 659 F.3d 1186, 1196 (Fed. Cir. 2011) (holding that "the purpose of §146 is to bring to bear . . the procedures and

4

Case No.: 11-1582 PSG
ORDER GRANTING LIFE'S MOTION TO COMPEL

## IV. CONCLUSION

Life's motion to compel is granted. No later than January 13, 2012, PacBio shall produce all documents responsive to the requests and complete responses to the interrogatories addressed in Life's motion.

**IT IS SO ORDERED.**

Dated: 1/5/2012

PAUL S. GREWAL
United States Magistrate Judge

---

rules of federal litigation"). The very schedule agreed to by PacBio explicitly provides for discovery in the form of fact depositions that goes beyond the limits PacBio now urges, and PacBio itself appears to have served discovery requests seeking documents regarding written description.

5
Case No.: 11-1582 PSG
ORDER GRANTING LIFE'S MOTION TO COMPEL