UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LIFE TECHNOLOGIES CORPORATION, <br><br> Plaintiff, <br> v. <br><br> PACIFIC BIOSCIENCES OF CALIFORNIA, INC., <br><br> Defendant. | Case No.: 11-CV-1582-PSG <br><br> **ORDER RE EXCHANGE OF OPENING EXPERT WITNESS REPORTS ON WRITTEN DESCRIPTION** |

In this patent interference suit pursuant to 35 U.S.C. 146, Plaintiff Life Technologies Corporation's ("Life") requests that both parties be required to serve opening, rather than rebuttal, expert witness reports regarding the inadequacy of the written description of the patent and patent application that each challenges. The parties' stipulated scheduling order requires opening reports on all issues on which a party bears the burden of proof. Life argues that its proposal mirrors assignment of the burden in the interference proceeding giving rise to this suit, and that under the Federal Circuit's recent decision in *Streck v. Research & Diagnostic Systems, Inc.*,[1] the *de novo* standard of review preserves the burden assignment here.

Defendant Pacific Biosciences of California, Inc. ("PacBio") opposes the request. PacBio argues that regardless of the *de novo* review standard that may apply upon Life's introduction of new evidence, only PacBio claims survived the written description challenges before the Patent

---

[1] 659 F.3d 1186 (Fed. Cir. 2011).

1

Case No.: C 11-1582 PSG
ORDER

Office's Board of Patent Appeals and Interferences.  Thus, this suit is not a "do-over" but an attempt to set aside a determination by the Board. According to PacBio, this puts the burden of proof on all written description issues in this suit squarely on Life.

On January 20, 2012, the parties appeared telephonically for hearing on shortened time. Having considered the arguments of counsel,

IT IS HEREBY ORDERED that Life's request is GRANTED.

*Streck* distinguishes between an appeal from an adverse decision and a new civil proceeding subject to *de novo* determination.[2]  In the former, the burden is properly assigned to the party pursuing the appeal.  But in the latter, the burdens remain as they were in the administrative body.  In *Streck*, the lone issue was priority, and so just as the junior party before the Board properly bore the burden so too did it in the district court action.  Here, the parties have agreed to bifurcate priority issues, and so the only issue in this phase is the adequacy of the written description of the patent and patent application at issue.  Because each party bore the burden before the Board of demonstrating the inadequacy of the written description it was attacking,[3] each will do so here if live testimony is admitted at trial such that the *de novo* standard is triggered.[4]  PacBio is correct that no such testimony has yet been admitted to trigger the *de novo* standard.  But the likelihood of admitting such testimony is such that, as a matter of case management, the better course is to sequence the exchange of expert reports under the presumption that it will be.  Perhaps the court's presumption will prove wrong, but the tight schedule of this case and the need to

---

[2] *Id.* at 1191.

[3] *See McMullin v. Carroll*, 153 Fed. Appx. 738, 740 (Fed. Cir. 2005) (holding that "the Board properly stated that Carroll bore the burden of proof to show that McMullin's specification did not reasonably convey to the artisan that McMullin had possession of the subject matter of the claims at issue in the interference").

[4] Cf. *Winner Int'l Royalty Corp. v. Wang*, 202 F.3d 1340, 1347 (holding that "the admission of live testimony on all matters before the Board in a section 146 action, as in this case, makes a factfinder of the district court and requires a *de novo* trial").

2
Case No.:  C 11-1582 PSG
ORDER

1  manage discovery in a practical way takes priority.
2  **IT IS SO ORDERED.**
3  Dated:   1/20/2012

*[signature]*
PAUL S. GREWAL
United States Magistrate Judge